UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RICHARD MCDONALD,

   Petitioner,

   v.

COMMISSIONER OF CORRECTIONS,
ASST. WARDEN WALTER WEST, and
BRIAN FROSH, *Attorney General*,

   Respondents.

Civil Action No. PWG-19-825

**MEMORANDUM OPINION**

Richard McDonald, an inmate presently confined at the Eastern Correctional Institution ("ECI") in Westover, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he alleges that diminution credits were illegally revoked effectively extending his period of incarceration and thus violating his rights under the 8th and 14th Amendments. ECF No. 1. Respondents filed an Answer seeking dismissal of the Petition, arguing that Petitioner has failed to exhaust state remedies and that the petition is moot because the credits have been returned and Petitioner's release date adjusted accordingly. ECF No. 6. Petitioner subsequently filed a document docketed as a Supplement to the Petition, but it is an identical copy of the original petition. ECF No. 7.

The Petition is fully briefed, and the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating that a petitioner is not entitled to

a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

### A. Petition

Petitioner states that on February 14, 1990, he was sentenced to 50 years' imprisonment following a guilty plea to charges of robbery, robbery with a deadly weapon, use of a handgun in the commission of a felony, and second-degree murder.  ECF No. 1.  He states that the Maryland Parole Commission and the Commissioner of Corrections revoked earned credits after more than a decade had passed.  *Id*.  Petitioner also provided a copy of a letter dated October 6, 2003, in which Staff Attorney Joseph B. Tetrault of the Prisoner's Rights Information System of Maryland informed Petitioner that "the Maryland Parole Commission has agreed to settle your case with very favorable terms.  The Commission will rescind its 2002 revocation decisions and instruct the Division of Correction that the 1989 decision does not take any diminution credits.  This will reduce your mandatory supervision release date by 500 days."  ECF No. 3.  Petitioner claims that he filed a "Motion to Correct Illegal Sentence," but that the motion was never heard.  ECF No. 1.

### B. Respondents' Answer

Respondents first argue that Petitioner has not exhausted his state remedies.  ECF No. 6 at 2-3.  In addition, Respondents argue that Petitioner's case is moot because the credits have been returned to him.  *Id*. at 4.  Respondents attach two exhibits in support of their argument.  ECF Nos. 6-1 and 6-2. Each of the exhibits is a Department of Correction computer print-out of Petitioner's sentence information, including release date, credits, etc.  The first is dated April 19, 2019 and shows a release date of January 7, 2039 and 3832 revoked credits.  ECF No. 6-1.  The second is dated May 17, 2019 and shows a release date of August 25, 2037 and 3332 revoked credits.  ECF

No. 6-2.  Respondents claim that these documents demonstrate that Petitioner's revoked credits have been returned to him.  ECF No. 6 at 4.

## DISCUSSION

Petitioner alleges that his Eighth and Fourteenth Amendment rights were violated because the Commissioner of Corrections illegally revoked earned credits resulting in an incorrect release date.  ECF No. 1.  As relief, Petitioner requests "all relief to which he may be entitled."  *Id.* at 2. Petitioner does not specify how many credits he claims were illegally revoked; presumably, he intends to address the 500 credits referenced in the supplemental letter he provided.  *See* ECF No. 3.  Petitioner states that he filed a "Motion to Correct Illegal Sentence" (ECF No. 1) but provides no further information to demonstrate that he has exhausted his state remedies.

A Maryland state inmate may earn diminution credits to shorten his term of confinement. Md. Code Ann., Corr. Servs. § 3-702 (LexisNexis 2017).  Diminution credits include good conduct credits, work credits, educational credits, and special project credits.  *Id*. §§ 3-704 to -707.  Good conduct and special project credits may be revoked if an inmate violates disciplinary rules.  *Id*. § 3-709(a).  When an inmate believes that there has been a wrongful denial of diminution credits, such that the restoration of credits would have resulted in immediate release or "in shortening the length" of the inmate's actual confinement in prison, a writ of habeas corpus is the "appropriate remedy."  *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Indeed, because "attacking the very duration of . . . physical confinement itself" is "within the core of habeas corpus," *id.* at 487-88, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Id.* at 500.

3

Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Specifically, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). The exhaustion requirement applies not only to state court proceedings, but also to available state administrative remedies. *Preiser*, 411 U.S. at 491-92.

Maryland inmates may also challenge the revocation determination through administrative proceedings by filing a grievance with the Inmate Grievance Office ("IGO"), which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH"). Md. Code Ann., Corr. Servs. §§ 10-206 to -207. The OAH determination is deemed to be the decision of the Maryland Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order. *Id.* § 10-209. The prisoner may appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Court of Special Appeals of Maryland. *See Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509-10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to -210. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. §§ 12-201 to -202 (LexisNexis 2020).

Petitioner's filing of a "Motion to Correct Illegal Sentence" does not comply with the requirements for exhaustion as described above. He therefore did not fully exhaust the state

administrative process. *See, e.g.*, *Gladhill v. Watson*, No. CCB-12-3004, 2013 WL 4603877, at *2, *4 (D. Md. Aug. 28, 2013) (dismissing a habeas petition challenging the revocation of diminution credits after a disciplinary hearing for failure to exhaust state remedies by pursuing state judicial review of the dismissal of the petitioner's IGO grievance); *see also Short v. Graham*, No. PX-17-1847, 2017 WL 5668196, at *2 (D. Md. Nov. 27, 2017) (noting that a habeas petition challenging the revocation of diminution credits after a disciplinary hearing was dismissed for failure to exhaust state remedies because the state court appeal of the denial of the petitioner's IGO grievance had not yet been resolved, but considering the petition after the resolution of the state court appeal).

Where Petitioner has failed to exhaust available state remedies, the Petition will be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982) (holding that a federal habeas petition must be dismissed if state remedies were not exhausted).

Even if Petitioner had exhausted administrative remedies, it appears that Respondents are correct that the issue is moot. The Petition was filed on March 18, 2019. ECF No. 1. On April 19, 2019, DOC records showed a release date of January 7, 1989, and 3832 revoked credits. ECF No. 6-1. On May 17, 2019, DOC records reflect a release date of August 25, 2037 and revoked credits of 3332. ECF No. 6-2. As the difference between the two revoked credit numbers is 500, it appears that the credits that Petitioner is alleging were illegally revoked, and which were referenced in the 2003 letter from his lawyer, were returned sometime between April 19 and May 17 of 2019. However, Petitioner is not entirely clear as to what exactly he is alleging. He provides no dates, numbers, or other relevant facts; it is only the letter he attaches that provides pertinent information as to what diminution credits he is alleging were illegally revoked. To the extent that Petitioner intended to allege something different than both Respondents and the Court have

gleaned from his filings, Petitioner may file a new Petition after he has exhausted his administrative remedies.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, a certificate of appealability must be issued before an appeal can proceed. 28 U.S.C. § 2253(c)(1) (2018).

A certificate of appealability may issue only if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Petitioner's claims are dismissed on procedural grounds. Upon review of the record, this Court finds that Petitioner has not made the requisite showing to warrant a certificate of appealability and therefore declines to issue one. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

**CONCLUSION**

For the foregoing reasons, the Petition will be DISMISSED WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability. A separate Order shall issue.

<u>March 2, 2022</u>                                                 <u>   /S/                 </u>
Date                                                                               Paul W. Grimm
                                                                                 United States District Judge